# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 30, 2018

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* <br> DEBORAH L. MATTHAES, as Personal <br> Representative of the Estate of <br> HELEN G. ISHAM, <br><br>             Petitioner, <br><br>     v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br>             Respondent. <br> \* \* \* \* \* \* \* \* \* \* \* \* | \*    UNPUBLISHED <br> \* <br> \* <br> \*    Case 16-1266V <br> \* <br> \*    Chief Special Master Dorsey <br> \* <br> \*    Reasonable Attorneys' Fees and Costs; <br> \*    Expert Fees. <br> \* <br> \* <br> \* <br> \* |

Nancy Routh Meyers, Ward Black Law, Greensboro, NC, for petitioner.
Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

      On October 4, 2016, Helen G. Isham ("Ms. Isham") filed a petition in the National Vaccine Injury Compensation Program.[2] Ms. Isham alleged that as a result of an influenza ("flu") vaccine administered on November 6, 2015, she suffered from transverse myelitis. Petition at 1-3. Because Ms. Isham has passed away, Deborah Matthaes ("petitioner"), as personal representative of Ms. Isham's estate, was substituted as petitioner. Order dated March

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

24, 2017 (ECF No. 21).  On May 23, 2018, the parties filed a stipulation stating that a decision should be entered awarding compensation, and the undersigned issued a decision based on that stipulation.  See Decision Based on Stipulation dated May 25, 2018 (ECF No. 52).

On June 4, 2018, petitioner filed a final motion for attorneys' fees and costs, requesting compensation for the attorney and paralegals who worked on her case.  Petitioner's Application ("Pet. App.") dated June 4, 2018 (ECF No. 56).  Specifically, petitioner requested $27,431.50 in attorneys' fees to compensate her attorney of record, Nancy R. Meyers, and the paralegals who assisted her.  Pet. App. at 1.  Petitioner also requested $9,016.31 in attorneys' costs.  Pet. App. at 1.  Respondent filed her response on June 15, 2018, indicating that she did not oppose petitioner's motion because she believed the statutory requirement for attorneys' fees had been met in the instant case.

For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards $35,447.81 in attorneys' fees and costs.

I.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees  and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  Because compensation was awarded to petitioner, the undersigned finds that petitioner is entitled to reasonable attorneys' fees and costs.

    a.   **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

For attorney Nancy R. Meyers, petitioner requests an hourly rate of $350.00 for work performed in 2015 and $375.00 for work performed in 2018.  For paralegals, petitioner requests a paralegal rate of $145.00 irrespective of year.  As petitioner notes, the undersigned has awarded these hourly rates to Ms. Meyers and her firm's paralegals in the past.  See Pet. App. at 1; Martinec v. Sec'y of Health & Human Servs., No. 17-293, slip op. (Fed. Cl. Spec. Mstr. April 25, 2018); Vuinovich v. Sec'y of Health & Human Servs., No. 16-1312, slip op. (Fed. Cl. Spec. Mstr. April 30, 2018).  Therefore, the undersigned finds that the requested rates are reasonable and in accordance with both previously established rates for Ms. Meyers and the rates set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec.

Mstr. Sept. 1, 2015). Since Ms. Meyers provided detailed descriptions of how the time was used, and the use appears reasonable, the undersigned will award the requested $27,431.50 in attorneys' fees.

### b. Attorneys' Costs

Petitioner requests a total of $9,016.31 in attorneys' costs. Specifically, petitioner seeks $7,750.00 for her medical expert, Dr. Lawrence Steinman; $858.81 for medical records requests; $400.00 for court costs; and $7.50 for postage, photocopies, and long distance expenses.

Dr. Steinman billed 13.5 hours of work in this case at a rate of $500.00 per hour. Pet. App., Ex. 4. Although a rate as high as $500.00 is unusual in the Vaccine Program, Dr. Steinman's qualifications and extensive experience in the Program have earned him this rate in the past. See Auch v. Sec'y of Health & Human Servs., No. 12-673, 2017 U.S. Claims LEXIS 461 (Fed. Cl. Spec. Mstr. April 5, 2017); Rosof v. Sec'y of Health & Human Servs., No. 14-766, 2017 U.S. Claims LEXIS 448 (Fed. Cl. Spec. Mstr. March 31, 2017). As she has in the past, the undersigned finds this rate appropriate here.

However, as petitioner has confirmed, Dr. Steinman's total fee appears to have been miscalculated. See Petitioner's Status Report dated July 27, 2018 (ECF No. 61). Petitioner paid Dr. Steinman a $3,000.00 retainer[3] and a later payment of $4,750.00, resulting in the $7,750.00 expert fee she requests here. Pet. App., Ex. 4. But 13.5 hours, billed at $500.00 per hour, amounts to a total fee of only $6,750.00. Id. at 4. Therefore, the undersigned will award an expert fee of $6,750.00.

The $858.81 petitioner seeks for medical records requests, the $400.00 she seeks for court costs, and the $7.50 she seeks for miscellaneous office expenses are thoroughly documented and reasonable. See Pet. App., Exs. 1-3. The undersigned will award these costs in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested attorneys' fees for Nancy Meyers: | $ 27,431.50 |
| Requested attorneys' costs: | $ 9,016.31 |
| Reduction in attorneys' costs (miscalculated expert fee): | $ (1,000.00) |
| Total attorneys' costs awarded: | $ 8,016.31 |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 35,447.81** |

---

[3] The $3,000.00 retainer covered Dr. Steinman's first six hours of work on the case. Pet. App., Ex. 4 at 2.

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $35,447.81, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Nancy R. Meyers.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.